(No. 5015- )

CITY OF ST. LOUIS, A Municipal Corporation, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1964.*

THOMAS J. NEENAN, THOMAS F. McGUIRE and GARY M. GAERTNER; and HOTTO, FIELDER AND MARSH, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

478

Perlin, C. J.

The City of St. Louis, Missouri, seeks recovery of $591.46 for property damage incurred at Lambert-St. Louis Municipal Airport, owned by claimant, when Captain E. H. Ramshaw of the Air National Guard of the State of Illinois, flying an Illinois National Guard F-84 jet aircraft fighter plane, attempted to make an emergency landing on said airfield, May 7, 1960.

E. H. Ramshaw testified as follows:

On May 7, 1960, he was on duty as a member of the Illinois National Guard. He was under orders to fly from Peoria, Illinois, to Gulfport, Mississippi, for a routine training mission, and then to return to Peoria. He had previously flown the particular aircraft in question. He took off from Peoria, Illinois, and about 18 minutes later, when he had reached the City of St. Louis, and was at an altitude of 38,000 feet, he experienced a complete engine failure. Rather than bail out, he elected to attempt an emergency landing at Lambert Airport.

Ramshaw notified the airport of his predicament by radio, and proceeded to the airfield by the most direct route. He was losing altitude, and had lost the electrical system, hydraulic system, speed brakes, flaps and landing gear. He had no power in the aircraft. He approached the runway 180 degrees opposite the direction he had originally intended. As he approached the runway, there was inadequate opportunity to decelerate. As he touched the ground, he pulled the drag chute, which is a device underneath the rear fuselage of the jet used as a braking device. When the aircraft hit the runway, the landing gear was not down because of lack of hydraulic pressure, and the aircraft went out of control on the runway. "Then I went off the runway to the right, and the fire started, and I went through a dyke and other obstacles into a taxiway and across another runway."

Ramshaw left the aircraft while it was still moving and on fire. He did not know what damage was done to the airport facilities at the time of the landing. He had experienced no difficulty on the take-off or until the time when he was over St. Louis. When he took off from Peoria, the aircraft was in good shape according to all check lists, which are performed by the pilot. Inspection of records following the accident indicated that the engine trouble started with the failure of the rear main bearing. All F-84's were allegedly grounded after the accident until the main bearings were replaced with a different type of bearing.

The Departmental Report, signed by Adjutant General Leo M. Boyle, stated that Captain Ramshaw was forced to make an emergency landing at Lambert Field "resulting in the accident and the damages stipulated." It further stated that the official investigation of the accident established that the primary cause of the accident was material failure.

Arthur K. Muchmore, assistant airport manager at Lambert Field, testified that damage to the airport property as a result of the landing totalled $591.46, which included $223.20 for a high intensity light, $352.50 for a six section taxiway guidance sign, and four hours of labor at $3.94 per hour.

Claimant urges that the doctrine of *res ipsa loquitur* be applied in the instant case. The Court of Claims has recognized this doctrine as follows: When an injury is caused by an instrumentality under the exclusive control of the party charged with negligence, and is such as would not ordinarily happen if the party having control of the instrumentality had used proper care, an inference or presumption of negligence arises. The burden then rests upon respondent to rebut the presumption of neg-

480

ligence arising from the facts of the case. (*Hargrave* vs. *State of Illinois,* No. 4992.)

In the case of *Northwestern National Insurance Company* vs. *State of Illinois,* No. 4950, this Court applied the doctrine to an accident where a target being towed by an airplane operated by the Illinois National Guard fell from a cable, causing damage to claimants' property. Because the State offered no evidence to rebut the presumption of negligence raised by the facts, recovery was allowed.

In the instant case, the airplane, which caused the damage, was under the sole management and control of respondent's agents. It must be assumed that, in the ordinary course of events, the accident would not have happened, if those who were in control or management used proper care. Respondent has offered no evidence to rebut the presumption of negligence, which arises under the facts.

Therefore, claimant is awarded the sum of $591.46.